UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04CV86-J

GLENDON REYNOLDS                                                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                       DEFENDANT

### MEMORANDUM OPINION

This case is before the Court upon review of plaintiff Glendon Reynolds' objections to Magistrate Judge Goebel's Findings of Fact, Conclusions of Law, and Recommendation that his applications for social security disability and supplemental income benefits be denied. After conducting a de novo review of Mr. Reynolds' specific written objections, the Court accepts the recommendation and the Commissioner's determination is affirmed.

Mr. Reynolds filed his present applications for Disability Insurance Benefits (Tr. 170) and Supplemental Security Income benefits (Tr. 480) on October 21, 1999 alleging that he became disabled on June 9, 1998 as a result of mid and lower back problems (Tr. 188).[1] He indicated that he was injured when his semitractor trailer overturned on June 9, 1998 (Tr. 212). On October 14, 2002, Mr. Reynolds amended his claim for a closed period of disability from August 26, 1999 to October 1, 2002 (Tr. 168). After a hearing on November 14, 2002, Administrative Law Judge Anne C. Pritchett ("ALJ") found that claimant suffers from a history of a herniated L4-5 disc with compression of the L5 nerve root; a small herniation at L5-S1; has a history of encroachment of the C2-3 left foramen (though later improved); history of traction injuries to suprascapular nerve B and

---

[1] Mr. Reynolds previously filed applications for DIB and SSI benefits on July 9, 1998. These applications were denied in a final decision by ALJ Carol Pennock on August 25, 1999 (Tr. 83-95).

thoracolumbar fascia in both sacroiliac joints; and depression. She found that these impairments are severe, but do not meet or medically equal listed impairments (Tr. 41). The ALJ found that Mr. Reynolds is unable to perform his past relevant work, but retains that residual functional capacity to perform a limited range of sedentary work with no limitations on sitting, may lift 10 pounds occasionally, stand 15 minutes at a time up to one hour total out of an eight hour day; no climbing, kneeling or crawling, occasional stooping and bending, and only simple repetitive tasks (Tr. 43).

Mr. Reynolds appealed the adverse decision to the Appeals Council which considered Mr. Reynolds' request, but nonetheless found no basis for overturning the Decision. As his appeal to the Appeals Council was unsuccessful, Mr. Reynolds now seeks relief in this Court.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir. 1986). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d

106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that this Court addresses and rejects Mr. Reynolds' objection, which is primarily that plaintiff disagrees with the ALJ's analysis of his mental impairment, specifically with regard to ALJ's treatment of the opinions of Dr. Woods and Dr. Weiss.

Plaintiff's objections to the Magistrate's Report focus primarily upon the ALJ's analysis of his mental impairment. He first assigns error with the ALJ's treatment of the opinion of Dr. Rebekah Woods. Dr. Woods was a consulting psychiatrist enlisted by the Commissioner to perform a consultative mental examination of plaintiff. Plaintiff contends that the ALJ failed to note Dr. Woods' diagnosis of severe depression under the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"). This Court's review of ALJ Pritchett's Decision reveals that there is no specific reference to Dr. Woods' opinions rendered on April 29, 2000 (Tr. 382-386).

However, the ALJ's Decision does clearly indicate that the ALJ did not give significant weight to the opinions expressed by the state agency medical consultants in making her residual functional capacity findings (Tr. 43). Furthermore, the ALJ notes that new evidence has been admitted into the record since the state agency physicians rendered their opinions, and thus they were not given significant weight (Tr. 43). Presumably, the ALJ is referring to the more recent consultative mental examination opinion obtained by plaintiff's counsel from psychologist, Dr. William Weiss. For these reasons, the ALJ was well-within her discretion in deferring to the more recent opinion of Dr. Weiss over that of Dr. Woods, and the failure to more specifically mention Dr. Woods' opinion is at most, harmless error.

Plaintiff next argues that the ALJ's treatment of consultative mental examiner Dr. Weiss' opinion fails to comport with applicable law, and that the ALJ did not complete a mental residual functional capacity assessment. We disagree. Plaintiff faults the ALJ for failure to specifically reference Dr. Weiss' report and functional assessment in her Decision. The Court concedes that there is no specific mention of Dr. Weiss by name, but a review of Dr. Weiss' findings and the Decision reveals that the ALJ not only referenced those findings, but she also adopted them. Specifically, Dr. Weiss made findings as follows:

> Glendon Reynolds is not impaired in his capacity to understand, retain, and follow instructions. He is somewhat impaired in his capacity to sustain attention to perform simple repetitive tasks by his major depressive state. He is somewhat impaired in his capacity to relate to others, including fellow workers and a supervisor, by his major depression. He is somewhat impaired in his capacity to tolerate the stress and pressures associated with day-to-day work activity by his major depressive disorder, recurrent, moderate. (Tr. 405)

The ALJ adopts a functional limitations consistent with Dr. Weiss' findings, noting, "As a result of the claimant's mental condition, the claimant is found to have 'moderate' restriction of activities of daily living, 'moderate' difficulties in maintaining social functioning, and 'moderate' difficulties in maintaining concentration, persistence, or pace." The ALJ further noted that Mr. Reynolds has not experienced any episodes of decompensation, each of extended duration, and thus the ALJ rated the category as "none."

It should also be noted that of the mental health professionals who treated (Dr. Scott Chapman, Rev. John Conn) or evaluated (Dr. Rebekah Woods, William Weiss, PhD.) Mr. Reynolds, only Dr. Weiss assigned limitations to his ability to do work-related activities (Tr. 407-408). Dr. Weiss' report detailed the claimant's significant history of marijuana use which included an arrest

4

for marijuana possession, claimant's admission of lifelong alcoholism which included treatment at a rehabilitation facility, and claimant's use of other drugs including Tuonol, Valium and cocaine (Tr. 398-399). Dr. Weiss also administered the Beck Depression Inventory–II, which indicated possible exaggeration of symptoms (Tr. 404), and the MMPI-II results were invalid. Dr. Weiss assigned a GAF score of 55 which, according to the Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. at 32 ("DMV-IV"), would indicate only moderate difficulty in social, occupational, or school functioning. The Medical Source Statement completed by Dr. Weiss indicates at least good or fair abilities on all categories, excepting interaction with the public (Tr. 407-408).

This Court's review of the ALJ's Decision indicates that the ALJ appropriately incorporated the findings of Dr. Weiss into her residual functional capacity finding. Although it would have been helpful for the ALJ to have specifically identified these findings as having been obtained from Dr. Weiss' report and Medical Source Statement, we find that her failure to do so was at most, harmless error. This Court is mindful that not every erroneous or inappropriate statement contained in an ALJ's decision warrants judicial disturbance of that decision, Maziarz v. Secretary of HHS, 837 F.2d 240, 244 (6th Cir. 1987). This Court is allowed to look at any evidence contained in the administrative record to determine whether the ALJ's ultimate findings are supported, regardless of whether that evidence was referenced within the ALJ's decision, Walker v. Secretary of HHS, 884 F.2d 241, 245 (6th Cir. 1989). Furthermore, it is harmless error for the ALJ decision to omit discussion of pertinent evidence if the Court can determine, in light of the record as a whole, that the ALJ's decision is based on substantial evidence, Heston v. Commissioner, 245 F.3d 528, 535-536 (6th Cir. 2001). The Court finds that the ALJ's mental RFC findings are supported by substantial evidence and comport with applicable law.

Plaintiff next argues that the ALJ's findings are similar to making a mental residual functional capacity assessment limiting claimant to low stress work. This Court fails to see such similarity, and finds no such language contained within the body of the ALJ's Decision. For this reason, plaintiff's argument is rejected.

Finally, plaintiff contends that the limitation of dealing with the public would preclude the jobs of gate guard and security guard as identified by the vocational expert. The Court takes issue with the plaintiff's characterization of Dr. Weiss' report to indicate a "complete inability to deal with the public." (DN 12, p. 10). This Court reads Dr. Weiss' report to note moderate depression which would somewhat impair his ability to relate to others (Tr. 405). The denotation of a "poor" ability to interact appropriately with the public might arguably interfere with some of the duties of a gate guard and security guard. However, these were not the only jobs identified by the vocational expert in the some 50,000 to 100,000 jobs he testified were available in the region (Tr. 75).

In sum, substantial evidence supports the findings of the Commissioner. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990). The Findings of Fact, Conclusions of Law, and Recommendation of the Magistrate are adopted, and the Commissioner's decision is upheld. An Order in conformity with this Memorandum Opinion has this day been entered.